WR-82,975-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/11/2015 5:35:35 PM
Accepted 3/12/2015 9:03:03 AM
ABEL ACOSTA
CLERK

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
3/12/2015
ABEL ACOSTA, CLERK

EX PARTE                          §

                                  §        WRIT NO. WR-82,975-01

JOSEPH LEE FLORES                 §

**APPLICANT'S MOTION TO REMAND
THE CASE TO THE TRIAL COURT TO ALLOW
<u>HIM TO RESPOND TO THE STATE'S LACHES CLAIM</u>**

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Joseph Lee Flores files Applicant's Motion To Remand The Case To The Trial Court To Allow Him To Respond To The State's Laches Claim and would show as follows:

I.

Applicant pled not guilty to attempted capital murder of a police officer in cause number 44,556 and aggravated robbery in cause number 44,557 in the 434th District Court of Fort Bend County before the Honorable James Shoemake. The jury convicted him and assessed his punishment at life in prison for attempted capital murder and 60 years for aggravated robbery on June 24, 2008. Don Bankston represented him at trial.

The Fourteenth Court of Appeals affirmed applicant's convictions in an unpublished opinion issued on December 16, 2010. The Court of Criminal Appeals refused discretionary review on April 6, 2011. <u>Flores v. State</u>, Nos. 14-

08-00835-CR and 14-08-00848-CR, 2010 WL 5238580 (Tex. App.—Houston [14th Dist.] Dec. 16, 2010, pet. ref'd) (not designated for publication). Bankston also represented him on appeal.

A *pro se* habeas corpus application was filed on June 27, 2012 (C.R. 34). Applicant hired counsel, who filed Applicant's Motion For The Court Not To Take Action On The Pending Habeas Corpus Application Until Applicant Amends It on August 13, 2012 (C.R. 168).

Habeas counsel filed an amended application on October 15, 2014, contending that trial counsel was ineffective at the guilt-innocence stage (C.R. 171). The State filed its original answer on October 31 (C.R. 228). The trial court ordered Bankston to file an affidavit within 30 days on November 13 (C.R. 232-33). He filed it on January 21, 2015 (C.R. 250). Applicant filed proposed findings of fact and conclusions of law on February 6 (C.R. 254). The State filed an amended answer on February 19, in which it raised the doctrine of laches and other arguments for the first time (C.R. 277). It filed proposed findings and conclusions on February 23 (C.R. 350). It requested the district clerk's office to serve both documents on applicant's counsel by mail, which counsel received on February 26. The trial court adopted the State's proposed findings and conclusions on March 2 (C.R. 348-58). The district clerk transmitted the habeas record to this Court on March 5.

## II.

Applicant was denied due process because the trial court did not allow habeas counsel time to respond to the State's laches claim before signing the State's proposed findings and conclusions. Habeas counsel received the State's amended answer from the district clerk's office by mail on February 26, seven days after it was filed. Counsel did not have time to respond to the laches claim and the other arguments before the trial court signed the State's findings and conclusions on March 2. Due process requires that the case be remanded to allow habeas counsel to respond.

## III.

Applicant moves that the Court remand the case to the trial court with instructions to give counsel time to respond to the State's laches claim.

Respectfully submitted,

/S/ Joel Hayter
Joel Hayter
State Bar No. 24078644

1301 McKinney, Suite 3100
Houston, Texas 77010
(713) 951-9555
(713) 951-9854 (facsimile)
joelhayterlaw@gmail.com

Attorney for Applicant
JOSEPH LEE FLORES

3

**<u>CERTIFICATE OF SERVICE</u>**

I served a copy of this document on Jason Bennyhoff, assistant district attorney, 301 Jackson Street, Room 101, Richmond, Texas 77469, by United States mail, postage pre-paid, on March 11, 2015.

/S/ Joel Hayter
Joel Hayter